IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03774-RMR-SKC

CHUNYI XU, aka DAVID XU,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS, SCHOOL DISTRICT NO. 1,

    Defendant.

___

**DEFENDANT'S UNOPPOSED MOTION FOR A LEVEL 1 RESTRICTION OF THE EXHIBITS TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION IN LIMINE (DOCS. 79-1 THROUGH 79-6)**

___

    Defendant Denver Public Schools, School District No. 1 (the "District"), by and through its undersigned counsel, hereby files its Unopposed Motion for a Level 1 Restriction of the Exhibits to Defendant's Response to Plaintiff's Motion in Limine (Docs. 79-1 through 79-6), as follows:

    1.    Undersigned counsel conferred with Mr. Xu's counsel regarding the relief requested herein. Mr. Xu does not oppose the Motion.

    2.    Plaintiff's Motion in Limine (Doc. 66) seeks to preclude documentary evidence and witness testimony about Plaintiff's sealed arrest and conviction records and the underlying facts of those records. The District opposes the motion and filed a response on January 27, 2023 (Doc. 79). With the response, the District filed exhibits referencing and pertaining to the arrest and conviction. Some of those documents were inadvertently filed with Plaintiff's personally identifiable information included. After conferral on the issue, the Parties determined that, due to

the nature of the conflict and the fact that Plaintiff is asking that all of the documentary evidence and witness testimony about the topic at issue be precluded, it is appropriate to seek a Level 1 restriction as to the documents.

3. Pursuant to D.C.COLO.LCivR 7.2(c), a party may move to restrict certain documents upon (1) identification of the documents to be restricted; (2) a showing that an interest in restriction outweighs public disclosure; (3) a showing that a party will be prejudiced without the restriction; (4) an explanation of why an alternative to restriction is not practicable or why only restriction will protect the interests in question; and (5) identification of the level of interest sought.

4. Under D.C.COLO.LCivR 7.2(c), the District moves to restrict Docs. 79-1 through 79-6, which are all of the exhibits to its response to Plaintiff's Motion in Limine. The documents contain Plaintiff's personally identifiable information, and restriction of that information outweighs public disclosure. Because the documents were filed previously, restriction is the only avenue that will protect Plaintiff's interests. As a result, the District seeks a Level 1 Restriction which will make the documents accessible only to the Parties and the Court.

WHEREFORE, the District respectfully requests that the Court issue an order subjecting the exhibits to its Response to Plaintiff's Motion in Limine, Docs 79-1 through 79-6, to a Level 1 Restriction.

RESPECTFULLY SUBMITTED this 1st day of February, 2023.

SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

By: *s/ Mary B. Gray*
    Michael Brent Case
    Mary B. Gray
    Scott A. Goodstein
    1120 Lincoln Street, Suite 1308

                                        Denver, CO 80203
                                        Telephone: (303) 595-0941
                                        FAX: (303) 861-9608
                                        bcase@semplelaw.com
                                        mgray@semplelaw.com

                                        ATTORNEYS FOR DEFENDANT

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on the 1st day of February, 2023, a correct copy of the foregoing was filed and served via CM/ECF on the following:

Mark S. Bove
MARK S. BOVE, P.C.
7100 East Belleview Ave., Suite 101
Greenwood Village, CO 80111
msbove@aol.com

                                        By: *s/ Kathleen Schmidt*