IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 1:20-cv-03774-RMR-SKC

CHUNYI XU,
a/k/a David Xu

  Plaintiff,

v.

DENVER PUBLIC SCHOOLS,
School District No. 1,

  Defendant.

## ORDER

  Defendant has moved to restrict documents that have already been filed publicly as exhibits to Defendant's Response to Plaintiff's Motion in Limine. As Defendant states in the motion to restrict, D.C.COLO.LCivR 7.2(c) provides that a motion to restrict shall "(1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction); (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restricted access to exhibits or portions of exhibits); and (5) identify the level of restriction sought." D.C.COLO.LCivR 7.2(c); *see*

*also* ECF No. 80 ¶ 3.  Although the Defendant notes these factors in its motion to restrict, Defendant does not address how they apply to this case.  Therefore, Defendant's motion to restrict is DENIED WITHOUT PREJUDICE and with leave to re-file with a more thorough analysis of the factors set forth in D.C.COLO.LCivR 7.2(c).

Meanwhile, the documents that were originally filed publicly would remain public absent an order to restrict.  In general, "[a] document subject to a motion to restrict shall be filed as a restricted document and shall be subject to restriction until the motion is determined by the court."  D.C.COLO.LCivR 7.2(d).  However, as noted, here, the documents were filed publicly, rather than under restriction.  Courts in this District have held that "[a]fter-the-fact sealing should not generally be permitted," noting that "[t]he cat has already been let out of the bag."  *See, e.g.*, *Gunn v. WCA Logistics, LLC*, No. 13-cv-02197-WJM-MEH, 2016 WL 7868827, at *1 (D. Colo. Jan. 12, 2016) (Hegarty, Mag. J.)).  However, Courts in this District have also held that, although "restricting access [to documents filed publicly] cannot und[o] whatever harm has been done by virtue of [the documents] being made public, . . . . [i]t can, however, prevent future harm . . . —harm that cannot otherwise be remedied if allowed to remain public."  *Deschenes Consulting LLC v. Nu Life Market LLC*, No. 1:19-cv-03465-RM-SKC, 2020 WL 2747702, at *5 (D. Colo. May 27, 2020) (Moore, J.).

As stated, the documents that were originally filed publicly would remain public absent an order to restrict.  However, there is potential for harm to occur from the revelation of Plaintiff's personally identifying information pending the Court's review of a renewed motion to restrict.  *See id.*  Furthermore, normally, "[a]bsent exigent

circumstances, no ruling on a motion to restrict shall be made until the time for objection has passed." D.C.COLO.LCivR 7.2(d).  That time for objection is "three court business days," after the motion to restrict is "posted on the court's website on the court business day following the filing of the motion." *Id.*  Therefore, normally, several days could pass before an order on a motion to restrict would issue.  Here, the motion to restrict at issue is unopposed; "Plaintiff is asking that all of the documentary evidence and witness testimony about the topic at issue be precluded," ECF No. 80 ¶ 2; and "[t]he documents contain Plaintiff's personally identifiable information," *id.* ¶ 4.  Therefore, the Court finds that sufficient exigent circumstances exist here to *sua sponte* impose a Level 1 restriction on the documents at issue—ECF Nos. 79-1 through 79-6—pending the filing and consideration of Defendant's renewed motion to restrict, which shall identify the factors set forth in D.C.COLO.LCivR 7.2(c), particularly factors (2) through (4).

For the reasons stated, it is

ORDERED that Defendant's Unopposed Motion for a Level 1 Restriction of the Exhibits to Defendant's Response to Plaintiff's Motion in Limine (Docs. 79-1 through 79-6), ECF No. 80, is DENIED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place a Level 1 restriction on documents filed at ECF No. 79-1 through 79-6 pending the filing and consideration of Defendant's renewed motion to restrict.

DATED:  February 1, 2023

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge