IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-03774-RMR-SKC

CHUNYI XU, aka DAVID XU,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS, SCHOOL DISTRICT NO. 1,

    Defendant.

_____

## DEFENDANT'S RENEWED MOTION FOR LEVEL 1 RESTRICTION OF ECF NO. 79

_____

Defendant Denver Public Schools, School District No. 1 (the "District"), by and through its undersigned counsel, hereby files its Renewed Motion for Level 1 Restriction of ECF No. 79-2, as follows:

1. Undersigned counsel conferred with Mark Bove regarding the relief requested herein and was informed that, as indicated by Plaintiff's notice of appeal (ECF No. 94), he no longer represents Plaintiff. Mr. Bove indicated that Plaintiff is now pro se and requested undersigned counsel contact Plaintiff directly. Undersigned counsel did so to confirm that Plaintiff is pro se and request his position on this motion, sending him a draft thereof. Plaintiff confirmed that he is pro se and stated that he opposes this motion.

2. On January 27, 2023, the District filed a response (Doc. 79) to Plaintiff's motion in limine that included six exhibits (the "Exhibits," ECF Nos. 79-1 through 79-6).

3. On February 1, 2023, the District moved the Court to subject the Exhibits to a Level 1 Restriction (the "Motion for Level 1 Restriction," ECF No. 80).

4. On February 1, 2023, the Court denied the Motion for Level 1 Restriction without prejudice, "with leave to re-file with a more thorough analysis of the factors set forth in D.C.COLO.LCivR 7.2(c)" (ECF No. 81). The Court also directed the Clerk of Court "to place a Level 1 restriction on documents filed at ECF No. 79-1 through 79-6 pending the filing and consideration of Defendant's renewed motion to restrict." *Id.*

5. On February 22, 2023, the Court granted the District summary judgment (ECF No. 87). Plaintiff has given notice of appeal to the United States Court of Appeals for the Tenth Circuit (ECF No. 94).

6. While the portion of this case devoted to the merits has ended, the District files this motion to address the pending issue concerning public access to the Exhibits.

7. This renewed motion requests the Court maintain the Level 1 restriction only upon ECF Doc. 79-2—the only one of the Exhibits containing Plaintiff's date of birth and social security number—and direct the Clerk of Court to remove the restriction placed upon ECF Nos. 79-1 and 79-3 through 79-6.

8. Pursuant to D.C.COLO.LCivR 7.2(c), a party may move to restrict certain documents upon (1) identification of the documents to be restricted; (2) a showing that an interest in restriction outweighs public disclosure; (3) a showing that a party will be prejudiced without the restriction; (4) an explanation of why an alternative to restriction is not practicable or why only restriction will protect the interests in question; and (5) identification of the level of interest sought.

As discussed below, these factors favor continued placement of a Level 1 restriction upon ECF No. 79-2.

   i. **<u>Identification of documents to be restricted:</u>** ECF No. 79-2, an affidavit that includes Plaintiff's social security number and birthdate (Doc. 79-2).

   ii. **<u>An interest in restriction outweighs public disclosure:</u>** Whether to restrict documents is a question of fact. *All Plastic Inc., v. SamDan LLC,* 2021 WL 5067405, *1 (D. Colo. 2021). Although the public has an interest in open judicial proceedings, restriction is appropriate upon a showing of good cause. *Id.* "A party may overcome the presumption of public access where the records contain…private or personally identifiable information." *Id.* Restriction may be appropriate where the information to be restricted has value to the parties but has little to no interest to the public. *Id.* at *2. Here, the District inadvertently filed Exhibit B to the Response without redacting Plaintiff's personally identifiable information. Without restriction, this information will be available to the public at large, which has no bona fide interest in Plaintiff's date of birth and social security number. Restricting this information is appropriate and restriction outweighs public disclosure to protect Plaintiff's privacy interests. *See All Plastic Inc.,* 5067405, *1; see also* District of Colorado ECF User Manual, p. 44 ("Documents with personal identifiers and other sensitive information should be filed electronically in accordance with the court's Privacy Policy.").

   iii. **<u>Plaintiff will be prejudiced without restriction</u>:** Without restriction of ECF No. 79-2, the public will have access to plaintiff's date of birth and social security number, which could be misused.

iv. **An alternative to restriction is not practicable/only restriction will protect the interests in question**: Because ECF No. 79-2 was previously filed with Plaintiff's personally identifiable information, alternatives, including redaction, are not an option at this time because the documents have been placed in the record. As the Court recognizes in its February 1, 2023 Order (Doc. 81), although past harm cannot be remedied, future harm can be remedied by restriction. ECF No. 81, *citing Deschenes Consulting LLC v. Nu Life Market LLC*, 2020 WL 2747702, at *5 (D. Colo. 2020).

v. **The level of restriction sought:** The District requests a Level 1 restriction, which will allow the document to remain accessible to the Parties and the Court, but not the public.

WHEREFORE, the District respectfully requests that the Court issue an order: (a) continuing to subject ECF No. 79-2 to Level 1 Restriction and (b) directing the Clerk of the Court to remove the Level 1 restriction of ECF Nos. 79-1 and 79-3 through 79-6.

RESPECTFULLY SUBMITTED this 21st day of March, 2023.

        SEMPLE, FARRINGTON, EVERALL & CASE, P.C.

        By: /s *Michael Brent Case*
           Michael Brent Case
           Jonathan P. Fero
           Scott A. Goodstein
           1120 Lincoln Street, Suite 1308
           Denver, CO 80203
           Telephone: (303) 595-0941
           FAX: (303) 861-9608
           bcase@semplelaw.com
           jfero@semplelaw.com
           sgoodstein@semplelaw.com

        ATTORNEYS FOR DEFENDANT


# CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of March, 2023:

(1) a correct copy of the foregoing was filed and served via CM/ECF on the following:

Mark S. Bove
MARK S. BOVE, P.C.
7100 East Belleview Ave., Suite 101
Greenwood Village, CO 80111
msbove@aol.com

and (2) a correct copy of the foregoing was sent to Plaintiff via email at chunyixu@yahoo.com and via U.S. mail to 9097 West Floyd Avenue, Lakewood, CO 80227.

By:  *s/ Julia Southwell*